# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC; DEUTSCHE BANK NATIONAL TRUST<br><br>Plaintiff,<br><br>v.<br><br>THE LEGACY ESTATES PROPERTY OWNERS ASSOCIATION *et al*<br><br>Defendants. | Case No. 2:16-cv-01934-RFB-BNW<br><br>**ORDER** |

## I.  INTRODUCTION

Before the Court are Defendant Padeshah Holdings, Ltd's ("Padeshah") Motion for Summary Judgment, Plaintiff Nationstar Mortgage's ("Nationstar") Motion for Partial Summary Judgment, Defendant Legacy Estates Property Owners Association's (the "HOA") Motion for Summary Judgment, Nationstar's Motion to Substitute Party and Padeshah's Motion for Leave to File Supplemental Authority. ECF Nos. 73–76, 98. For the following reasons, the Court grants Padeshah and the HOA's motions for summary judgment and denies the other motions.

## II.  PROCEDURAL BACKGROUND

Nationstar began this case by filing a complaint on August 15, 2016. ECF No. 1. The complaint sought declaratory relief that a HOA nonjudicial foreclosure sale conducted under Chapter 16 of the Nevada Revised Statutes ("NRS") in 2012 did not extinguish a deed of trust it

held on a Las Vegas property. Id. The HOA answered the complaint on August 25, 2016. ECF No. 11. Defendant Padeshah Holdings answered the complaint on September 20, 2016. ECF No. 16. Defendant Las Vegas Development Group, LLC ("LVDG") answered the complaint and asserted crossclaims against Padeshah Holdings, Third Party Defendants Manouchehr S. Dezfooli and Soosan Dezfooli, and counterclaims against Nationstar. ECF No. 21. Nationstar answered the counterclaim on January 4, 2017. ECF No. 23. On April 20, 2017, the Court stayed the case pending the resolution of pertinent cases before the Ninth Circuit and Nevada Supreme Court. ECF No. 47. On February 19, 2019, the Court lifted the stay. ECF No. 51. On April 9, 2019, the Court held a hearing regarding discovery. ECF No. 58. On September 12, 2019, Defendant Padeshah moved for summary judgment. ECF No. 73. A response and reply were filed. ECF Nos. 78, 85. Nationstar moved for partial summary judgment on September 16, 2019. ECF No. 74. A response and reply were also filed. ECF Nos. 79, 81, 84, 88. Nationstar moved for leave to file supplemental authority regarding the motion for partial summary judgment motion on March 9, 2020. ECF No. 89. The HOA moved for summary judgment on September 16, 2019. A response and reply were filed. ECF Nos. 77, 82. Nationstar moved to substitute party on September 19, 2019. ECF No. 76. A response and reply were filed. ECF Nos. 80, 86. On April 28, 2020, Padeshah moved for leave to file supplemental authority. ECF No. 98. A response and reply were filed. ECF Nos. 101, 102.

On March 26, 2020, the Court granted a stipulation dismissing all claims as to Defendant Las Vegas Development Group, LLC ("LVDG") and terminating their participation in this litigation. ECF No. 97.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts. [1]

#### a. Undisputed facts

This matter concerns a nonjudicial foreclosure sale on a property located at 2074 Troon Drive, Henderson, NV 89074 (the "property"). The property sits in a community governed by the Legacy Estates Property Owners Association (the "HOA"). The HOA requires the community members to pay dues.

Third-Party Defendants Manouchehr S. Dezfooli and Soosan Dezfooli purchased the property and financed their purchase with a $1,520,000.00 loan as evidenced by a deed of trust recorded on March 22, 2007. The lender was Countrywide Bank, FSB, and Mortgage Electronic Registration Systems, Inc ("MERS") served as the beneficiary under the deed of trust. On or about October 29, 2008, the Dezfoolis, operating under a family trust, secured another loan against the property for $2,650,000. The lender and trustee for the second deed of trust was Town & Country Bank.

On or about August 24, 2009, MERS transferred its interest under the Countrywide Deed of Trust to Deutsche Bank National Trust company as evidenced by a corporate assignment recorded on August 24, 2009. The Dezfoolis fell behind on their HOA payments, and the HOA, through its trustee Nevada Association Services, Inc ("NAS") recorded a notice of delinquent assessment. The HOA recorded a release of the delinquent assessment lien on May 7, 2010.

Nationstar became the deed of trust beneficiary in 2013, as evidenced by an assignment of deed of trust recorded on September 4, 2013. In 2011, the Dezfoolis again fell behind on their

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure sale. Fed. R. Evid. 201 (b), (d). Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

required HOA dues, and the HOA, through its trustee Defendant Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent lien assessment in March 2011, a notice of default and election to sell in August 2011, and a notice of foreclosure sale in January 2012. The notice of default and notice of foreclosure sale were mailed to all parties whose interests appeared in the records of the Clark County Recorder, including Countrywide, Deutsche Bank, and Town & Country Bank.

In February 2012, after the HOA had recorded its August 2011 notice of default but before it had conducted the foreclosure sale, Nationstar's predecessor-in-interest Bank of America, N.A. ("BANA"), contacted NAS through its legal counsel Miles, Bauer, Bergstrom & Winter, LLP ("Miles Bauer"). In a letter dated May 17, 2016[2], an attorney from Miles Bauer inquired as to what the superpriority portion of the lien was. The letter stated, in part:

> It is unclear, based upon the information known to date, what amount the nine months' of assessments pre-dating the NOD actually are. That amount, whatever it is, is the amount BANA should be required to rightfully pay to fully discharge its obligations to the HOA per NRS 116.3102 and my client offers to pay that sum upon presentation of adequate proof of the same by the HOA.

There is no record of NAS responding to this letter. The HOA foreclosed on the property on May 18, 2012, and LVDG purchased the property for $19,000. LVDG quitclaimed its interest in the property as evidenced by a quitclaim deed recorded on February 15, 2013. Meelad Dezfooli, the sole employee of Padeshah Holdings Limited, is the child of Third-Party Defendants Soosan Dezfooli and Manouchehr Dezfooli.

### b. Disputed Facts

The parties dispute the legal effect of the circumstances.

---

[2] The letter appears to be dated 2016 rather than 2012 in error. No party disputes the date of the letter.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

### a. Statute of Limitations

The HOA argues, and this Court agrees, that Nationstar's claims against it are time-barred. For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). The foreclosure sale at issue in this matter occurred on May 18, 2012. The Court finds that this is the date upon which all of Nationstar's claims regarding the invalidity of the foreclosure sale arose. The complaint was filed on August 15, 2016, just over four years later.

The Court finds that, to the extent Nationstar's pleading relates to any alleged violation of

a right protected by statute, Nationstar's claims carry a three-year statute of limitations pursuant to NRS 11.190(3)(a), which applies to actions upon a liability created by statute. See Carrington Mortg Servs., LLC v. Tapestry at Town Ctr. Homeowners Ass'n, 381 F. Supp.3d 1289, (D. Nev. 2019) reconsidered in part on other grounds in Carrington Mortg. Servs., LLC v Tapestry at Town Ctr. Homeowners Ass'n, No. 2:17-cv-01047-RFB-BNW, 2020 WL 1434278 (D. Nev. Mar. 24, 2020). Therefore, Nationstar's second and third causes of action for breach of NRS 116.1113 are entirely foreclosed. To the extent Nationstar seeks relief based on alleged unconstitutionality or on equitable grounds, Nationstar's claims fall within the four-year catch-all provision at NRS 11.220. However, those claims are also still untimely as Plaintiff filed its complaint more than four years after the foreclosure sale occurred.  The Court therefore finds that all of Plaintiff's claims are time-barred as to the HOA and grants summary judgment to the HOA.

However, while Nationstar brought its quiet title claim against all Defendants, only the HOA moved for summary judgment on the ground that the claim is time-barred. Thus while Plaintiff's quiet title claim against the HOA is time-barred, its claims for quiet title against Defendant Padeshah and the Padeshah Family Trust may proceed, as neither of those Defendants have raised the statute of limitations as an affirmative defense in their answers, and the defense is therefore waived. John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133 (2008) (noting that generally limitations periods are affirmative defenses that the defendant must raise at the pleading stage).

### b. Standing

Padeshah argues that Nationstar does not have standing to bring this action because the sole evidence Nationstar submits of its ownership of the deed of trust is an assignment of deed of trust from MERS, which had previously transferred all interest it held in the property to Deutsche

- 6 -

Bank. For this reason, Padeshah argues that Nationstar is not the real party in interest.

To have standing under Article III of the U.S. Constitution, a party must assert an (1) injury-in-fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable court decision. Spokeo v. Robbins, 136 S. Ct. 1540, 1547 (2016). In addition to establishing constitutional standing, a party must also have prudential standing, which encompasses "at least three broad principles: the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Lexmark Intern., Inc. v. Static Control Components, Inc., 572 U.S. 118, 126 (2014) (citing Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004)).

Rule 17 of the Federal Rules of Civil Procedure requires that an action "be prosecuted in the name of the real-party-in interest." Fed. R. Civ. P. 17(a). Rule 17(a) does not define the term "real-party-in interest," but instead "allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action." U-Haul Intern., Inc. v. Jartan, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986). The Court must thus look to the substantive law under which the right is brought, while also bearing in mind that "[t]he modern function of the rule is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Id. at 1039 (internal citations and alterations omitted).

The primary relief that Nationstar seeks is quiet title through NRS 40.010. NRS 40.010 provides that "an action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining

such adverse claim." Nev. Rev. Stat. § 40.010. The relevant substantive law here clearly gives Nationstar a cause of action. Nationstar is an entity that claims an interest in the property—in this case an interest in a deed of trust secured on the property. Nationstar has submitted to the Court evidence of this interest through the 2013 assignment. Nationstar is not currently seeking the ability to foreclose on the property, but merely seeks standing for declaratory relief as to the deed of trust's continued validity. The problem that Rule 17(a) was designed to address of potential duplicative actions and res judicata is therefore not of particular concern in this case. Even if Nationstar or Deutsche Bank later dispute who is the current record beneficiary of the deed of trust, the question of whether the HOA sale extinguished the deed of trust—which is the only question presently before the Court—would not be implicated by that decision. Furthermore, all parties claiming an interest in the deed of trust would be bound by the decision this Court makes as to whether or not the deed of trust survived the HOA sale.

Accordingly, despite any potential conflicting deeds of trust, the Court finds that Nationstar nevertheless has constitutional standing, prudential standing, and a legal substantive right as the real-party in interest under Rule 17. First, Nationstar has demonstrated adequate constitutional standing. An 'injury-in-fact is an invasion of legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Safer Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency, 943 F.3d 397, 410–11 (9th Cir. 2019) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). "A concrete injury is one that actually exists, meaning that it is real and not abstract," while a "particularized" injury is one that affects the plaintiff in a personal and individual way." Id. (citations and quotation marks omitted). Here Nationstar has articulated an injury-in-fact—an interest in a deed of trust that may or could be extinguished. It has demonstrated that the injury is traceable to the Defendants' actions—

specifically their actions in conducting the sale (the HOA) and purchasing the property (LVDG and Padeshah). Nationstar can demonstrate that the injury would be redressed by a favorable court decision that determines that the deed of trust survived the HOA foreclosure sale. Finally, Nationstar is seeking to vindicate its own legal interest in the property rather than that of another party, thus satisfying both prudential and Rule 17(a) requirements.

The Court therefore denies Plaintiff's Motion to Substitute Parties and finds that Nationstar has standing to proceed with this action.

### c. Tender

The Court finds that the deed of trust did not survive the HOA foreclosure sale, because there was no valid tender and the conditions for demonstrating futility of tender have not been met.

Under current Nevada law, tender is excused when the HOA trustee has a policy of rejecting checks, and the party effectuating the tender had *knowledge* of the business practice. 7510 Perla Del Mar Ave Tr. v. Bank of Am., 458 P.3d 348, 351-52 (Nev. 2020).

In this case, Nationstar submits evidence, including deposition testimony of NAS's 30(b)(6) corporate designee, excerpts of testimony from a trial in a different case from another NAS employee, and excerpts of deposition testimony from the founder of NAS in a separate case that all purport to demonstrate that NAS had a policy of rejecting checks that had conditions accompanying them.

But Perla Del Mar makes clear that it is not enough that the HOA trustee have a policy of rejecting checks—for futility to be demonstrated, there must also be evidence that the entity making the tender *knew* of the policy. 7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A., 458 P.3d 348, 351 (upholding lower court's finding of futility "[b]ecause the evidence at trial established that at the time relevant to this action, it was NAS's business policy to have its receptions reject

any check for less than the full lien amount, and because the evidence *further established that Miles Bauer and the Bank had knowledge of this business practice*.") (emphasis added). There is no such evidence in the record. Nationstar attaches no affidavit or declaration from anyone at Miles Bauer who attests that the policy was known to anyone working at Miles Bauer or its client. While there may be evidence of such knowledge in other cases, Nationstar must submit evidence in *this record*, that establishes that its predecessor-in interest had knowledge of NAS's policy. Particularly in circumstances such as this, where no check or accompanying letter were actually ever sent to NAS, the Court cannot assume that Miles Bauer and the bank it worked for knew that such checks would have been rejected if they were received. Because there is no such evidence, the Court cannot find that Nationstar's predecessor-in-interest need to tender was excused on the basis of futility. As it is undisputed that no valid tender was made, the Court finds that the HOA sale extinguished Nationstar's deed of trust.

### d. Inadequate Sales Price and Unfair Sale

Nationstar argues that if the Court finds that the foreclosure sale extinguished its deed of trust, it should nevertheless invalidate the sale because the sales price was grossly inadequate and the HOA sale itself was unfair. Nationstar contends that the HOA sold the property at 97% discount, selling for $19,000 a property that had been worth $800,000 at the time. Nationstar cannot succeed on its claim on the basis of alleged inadequate sales price. The version of NRS Chapter 116 in effect at the time did not contain any provisions requiring that an HOA foreclosure sale be commercially reasonable, nor did it provide for parties to be able to set aside foreclosure sales as being commercially unreasonable. Furthermore, the Nevada Supreme Court has clearly held that HOA foreclosure sales are not governed by the commercial reasonableness standard of the Uniform Commercial Code ("UCC") as adopted in Nevada: "we hold that [commercial

reasonableness] has no applicability in the context of an HOA foreclosure involving the sale of real property . . . inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale absent additional proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 642–43 (Nev. 2017) (internal citations omitted).

Nationstar argues that various irregularities rose to the level of fraud, unfairness or oppression that warrant overturning the sale. First, Nationstar argues that NAS represented that the foreclosure sale would not extinguish the first deed of trust. To support its argument, Nationstar attaches a press release from NAS dated November 2010, and then references a reply brief filed in a different case before this Court from June 2011, but does not include the reply brief in its accompanying exhibits. The press release and the purported reply brief are insufficient to establish that NAS represented that the foreclosure sale would not extinguish the first deed of trust during the relevant time periods for this case, and, more importantly, that this representation was known and relied on by Miles Bauer and Nationstar's predecessor-in-interest. Compare with ZYZZX2 v. Dixon, No. 2:13-cv-1307 JCM (PAL), at *1, * 5, 2016 WL 118166 (D. Nev. 2016) (unfairness could void HOA sale where the HOA sent a letter to the deed of trust holder stating that the HOA foreclosure sale would not affect the senior lender's lien).

Second, Nationstar argues that the general uncertainty of the law at the time is an irregularity that made the sale unfair. The Court disagrees. The Nevada Supreme Court has not identified legal uncertainty as a potential factor causing unfairness in a sale, and the Court finds no reason to do so here. Parties, including sophisticated and counseled parties such as the entities here, often have to navigate legal uncertainty. The Court does not find it prudent to deem legal uncertainty a reason to invalidate a foreclosure sale.

Third, Nationstar argues that there is unfairness because the sole employee of the entity that currently owns the property, Padeshah Holdings, Ltd., is related to the former homeowners, Manouchehr S. Dezfooli and Soosan Dezfooli. However, this fact is insufficient to establish unfairness. First, Defendant Padeshaha Holdings, Ltd did not purchase the property at the HOA sale—rather Defendant Las Vegas Development Group, LLC did. LVDG later quitclaimed the property to Padeshah Holdings. Nationstar does not allege, nor does the record indicate, that LVDG had a familial relationship with the Dezfoolis. The Court therefore finds this argument insufficient to find that there was unfairness that warranted overturning the sale.

### e. As-Applied Due Process

Finally, Nationstar argues that its as-applied due process rights would be violated were the Court to find that the foreclosure sale extinguished its deed of trust. Nationstar does not contend that its predecessor-in-interest BANA did not have notice of the foreclosure sale. Rather, Nationstar argues that because BANA was not able to ascertain the superpriority portion of the lien after making an inquiry, the actual notice it received was inadequate, and therefore violated it and Nationstar's as-applied due process rights.

The Court does not find this argument persuasive. Both the Ninth Circuit and the Nevada Supreme Court have held that a party's due process rights are not violated when evidence establishes that the party had actual notice of the foreclosure sale. Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620, 624 (9th Cir. 2019); Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., 388 P.3d 970, 973 (Nev. 2017). In its briefing, Nationstar makes much of the distinction between as-applied and facial due process challenges, but cites no binding authority to support its position that the actual notices that its predecessor received were inadequate. Nationstar cites a Sixth Circuit case for the principle that minimal

adequate notice in foreclosure contexts includes notice of the reason for the default and a total amount owed. The notice of default and election to sell in this case, which Nationstar does not dispute that its predecessor-in-interest received, states both the reasons for the default and the full amount owed. Neither the Ninth Circuit nor the Nevada Supreme Court have held that there is an obligation of the HOA to separate the superpriority from the subpriority components of the lien on the notice of default under the pre-2015 version of NRS Chapter 116. The Court therefore finds that there was adequate and actual notice, and no as-applied due process rights were violated.

### f. Motion for Leave to File Supplemental Authority

Defendant Padeshah has filed a motion for leave to file supplemental authority. Padeshah contends that the supplemental authority establishes that Nationstar's deed of trust was extinguished by operation of law pursuant to NRS 106.240 in August 2019. However, the Court has already found that the HOA foreclosure sale extinguished Nationstar's deed of trust in May 2012. Accordingly, the Court denies Padshah's motion for leave to file supplemental authority.

### VI. CONCLUSION

**IT IS ORDERED** that Defendant Padeshah Holdings, Ltd's Motion for Summary Judgment (ECF No. 73) is GRANTED. The Court quiets title and declares that the HOA foreclosure sale extinguished Plaintiff Nationstar Mortgage LLC's deed of trust on the property.

**IT IS FURTHER ORDERED** that Plaintiff Nationstar Mortgage LLC's Motion for Partial Summary Judgment (ECF No. 74) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Legacy Estates Property Owners Association's Motion for Summary Judgment (ECF No. 75) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff Nationstar Mortgage LLC's Motion to Substitute Party (ECF No. 76) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Padeshah Holdings, Ltd's Motion for Leave to File Supplemental Authority (ECF No. 98) is DENIED.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case (ECF No. 3), is expunged.

The Clerk of the Court is instructed to close the case and enter judgment accordingly.

DATED: September 29, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**